CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 2 3 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:06CR00041 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| ADELSON MICHEL and ) | United States District Judge |
| CHARCEIL DAVIS KELLAM, ) | |
| ) | |
| Defendants. ) | |

This case is presently before the court on the defendants' motions to dismiss the indictment based on alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161-3174. For the reasons that follow, the defendants' motions will be denied.

The defendants, Adelson Michel and Charceil Davis Kellam, and ten co-defendants were charged in a twenty-nine-count indictment returned by a grand jury in the Western District of Virginia on September 6, 2006. Count One charges Michel and Kellam with conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. Counts Two through Seven charge Michel with knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. § 841(a). Count Eight charges Michel and Kellam with knowingly and intentionally distributing cocaine base, in violation of § 841(a). Counts Seventeen and Eighteen charge Kellam with possessing with the intent to distribute cocaine base, in violation of § 841(a).

On September 12, 2006, Michel and Kellam were brought before a magistrate judge for their initial appearances. Although a jury trial was originally scheduled for November 21, 2006, one of Michel and Kellam's co-defendants filed a motion for a continuance on November 9,

2006. By order entered November 16, 2006, the court granted the motion and the jury trial was rescheduled for January 4, 2007. On November 28, 2006, Kellam filed a motion to reconsider the magistrate judge's detention order. The motion was denied on November 30, 2006. On December 27, 2006, another co-defendant filed a motion for a continuance. The court granted the motion on January 3, 2007 and postponed the trial until March 22, 2007. In granting each of the co-defendants' motions, the court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the co-defendant in a speedy trial. On January 17, 2007, Michel and Kellam each filed a pro se motion to substitute attorney. Michel's motion was resolved by the court on February 2, 2007 and Kellam's motion was resolved by the court on February 8, 2007. On January 30, 2007, Kellam filed a motion to suppress, which was denied on March 6, 2007. Michel and Kellam have now moved to dismiss the indictment, arguing that the delay between their indictment and trial violates the Speedy Trial Act.[*]

Pursuant to the Speedy Trial Act, a defendant must be brought to trial within seventy days from the filing date of the information or indictment, or from the date of the defendant's first appearance before a judicial officer, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). The time periods specified by the Speedy Trial Act do not run continuously. The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). The excludable time includes delays attributable to continuances granted to either a defendant or the government when the court finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Delays attributable to pretrial motions are also

---

[*] The court held a hearing on the defendants' motions on March 22, 2007. During the hearing, Michel and Kellam moved, in the alternative, for a continuance of trial. By separate order, the court will grant the defendants' motions for a continuance.

excluded from computation. 18 U.S.C. § 3161(h)(1)(F). Additionally, when a case involves multiple defendants, "time excludable for one defendant is excludable for all defendants." United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998); see also 18 U.S.C. § 3161(h)(7) (a reasonable period of delay when a defendant is joined for trial with a co-defendant, as to whom the time for trial has not run, is excluded when no motion for severance has been granted).

In this case, Michel and Kellam appear to argue that the Speedy Trial Act was violated because they did not request either of the continuances that the court previously granted. However, this argument is without merit. Since the court conducted the necessary balancing test prior to granting the continuances, and since neither Michel nor Kellam objected to the continuances or moved for severance, the delays resulting from the continuances are excludable under the Act as to both defendants. See 18 U.S.C. § 1361(h)(7) and (h)(8)(A); see also United States v. Sarno, 24 F.3d 618, 622 (4th Cir. 1994). Excluding the delays resulting from pretrial motions and continuances, Michel and Kellam will be tried less than seventy days from the date of their initial appearances. Accordingly, their motions to dismiss the indictment must be denied.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22nd day of March, 2007.

_____
United States District Judge