CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
AUG 2 3 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Bluey
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5:06CR00041 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| CHARCEIL DAVIS KELLAM, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is presently before the court on a letter from the defendant, dated August 13, 2007, in which she raises concerns about her court-appointed attorney and requests that he be replaced. The court construes the letter as a <u>pro se</u> motion for substitution of counsel. For the reasons that follow, the motion will be denied.

The defendant, Charceil Kellam, was indicted by a grand jury on September 6, 2006. Count One charged Kellam with conspiring to distribute fifty grams or more of cocaine base; Count Eight charged Kellam with distributing cocaine base; and Counts Seventeen and Eighteen charged Kellam with possessing with the intent to distribute cocaine base. A jury trial was held from March 26 to March 29, 2007. Kellam was ultimately convicted on all four counts. On April 13, 2007, Kellam's attorney filed two motions for judgment of acquittal. A hearing was held on July 27, 2007,[1] and by opinion and order entered August 6, 2007, both motions were denied. Kellam is scheduled to be sentenced on August 24, 2007.

In the present motion, Kellam alleges that her attorney did not provide "several things"

---

[1] Kellam was scheduled to be sentenced on July 27, 2007. However, the court solely heard the defendant's post-trial motions on that date, and postponed the sentencing hearing until August 24, 2007.

that she asked him to provide prior to trial, such as "the video being showed [sic] and witnesses." Kellam further alleges that she is not satisfied with the outcome of the jury trial, that her presentence report contains several mistakes, that her attorney "has not been able to provide the proper help," and that he has not had her moved to a different jail.

Although the Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to assistance of counsel, a defendant does not have an absolute right to the attorney of her choice. See United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). In deciding whether to grant a motion for substitution of counsel, the court must consider three factors: (1) the timeliness of the defendant's motion; (2) the reasons for the defendant's dissatisfaction with her attorney; and (3) whether there has been a total lack of communication preventing an adequate defense. Id. at 895-897.

Applying these factors, the court concludes that Kellam's motion for substitution of counsel must be denied. First, Kellam drafted the motion only two weeks before her sentencing hearing, and more than four months after her jury trial. Second, while she may be unhappy with the unfavorable jury verdict, the court believes that Kellam's case was competently defended, and that the stated reasons for her dissatisfaction with her attorney do not provide good cause for substitution of counsel at this time. Finally, it does not appear from the record that there has been a total breakdown in communication between Kellam and her attorney, and the court is confident that Kellam's attorney will maintain communication with her in preparation for the upcoming sentencing hearing.[2]

For the reasons stated, Kellam's motion for substitution of counsel will be denied. The

---

[2] The court notes that it will address any concerns that Kellam may have regarding her presentence report at the sentencing hearing.

Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22ⁿᵈ day of August, 2007.

/s/ Glen G. Conrad
United States District Judge