CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 15 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:06CR00041-007 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| CHARCEIL DAVIS KELLAM, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a

reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States

Sentencing Guidelines. For the following reasons, the court will deny the defendant's motion to

reduce her term of imprisonment.

On March 29, 2007, the defendant, Charceil Davis Kellam, was convicted by a jury of

conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(A), 846, and 851; distributing 57.8 grams of crack cocaine, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A) and 851; distributing 1.85 grams of crack cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C) and 851; and distributing 12.1 grams of crack cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B) and 851. The defendant was sentenced on August 24, 2007.[1]

Under the advisory sentencing guidelines, the defendant had a total offense level of 34[2] and a

criminal history category of V, resulting in a guideline range of imprisonment of life, the statutorily

---

[1] Although the defendant was originally sentenced on August 24, 2007, the judgment was
amended in minor respects on December 3, 2009, and on December 9, 2010, in response to remands from
the United States Court of Appeals for the Fourth Circuit.

[2] The court originally assessed a total offense level of 36. However, after the first Fourth Circuit
remand, the court applied the two-level reduction occasioned by the operation of Amendment 706 to the
United States Sentencing Guidelines. Amendment 706, which was made effective on November 1, 2007,
and retroactively effective on March 3, 2008, "amended § 2D1.1 of the Sentencing Guidelines by
reducing the offense levels associated with crack cocaine quantities by two levels." United States v.
Hood, 556 F.3d 226, 232 (4th Cir. 2009).

mandated sentence for this defendant under 21 U.S.C. § 841(b)(1)(A).[3] The court imposed a sentence of life imprisonment.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant filed a pro se motion to reduce her sentence on November 14, 2011. Having considered the defendant's motion, the court is constrained to conclude that it must be denied.

"Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment when the defendant 'is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Hood, 556 F.3d 226, 231 (4th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)) (emphasis in original). Thus, to be the basis of a reduction under § 3582(c)(2), an amendment to the sentencing guidelines "must have 'the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. § 1B1.10(a)(2)(B)) (emphasis in original).

---

[3] With a total offense level of 34 and a criminal history category of V, the defendant's guideline range of imprisonment, absent the operation of the statutorily mandated sentence of life imprisonment, would have been 235 months to 293 months. However, where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the advisory guideline sentence. U.S.S.G. § 5G1.1(b).

2

In the instant case, the defendant was subject to a statutorily mandated term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Because the minimum term of imprisonment required by § 841(b)(1)(A) was greater than the guideline range that otherwise would have applied at the time the defendant was sentenced, supra note 3, her guideline range became life imprisonment. U.S.S.G. § 5G1.1(b). Although § 841(b)(1)(A) was recently amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of her original conviction. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively to defendants sentenced before it was enacted). As a result, the defendant is still subject to a statutorily required term of life imprisonment and, therefore, her guideline range remains the same under the amended guideline provisions. Accordingly, a sentence reduction is not authorized under § 3582(c)(2), since Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. See U.S.S.G. § 1B1.10 app. n.1(A) (explaining that a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). For these reasons, the defendant's motion for reduction in sentence must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 15th day of December, 2011.

_Gene Conrad_

_____
Chief United States District Judge

3