# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No. 5:06cr00041-7<br><br>Civil No. 5:12cv80428-GEC<br><br>**REPORT AND RECOMMENDATION**<br><br>By:   Hon. James G. Welsh<br>        U. S. Magistrate Judge |
| *v.* | | |
| **CHARCEIL DAVIS KELLAM,** | | |
| *Defendant* | | |

The petitioner, a federal inmate proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct a sentence. Her essential claim is that the assistance of her court-appointed counsel was unconstitutionally deficient and prejudiced her defense. In response the government filed a motion to dismiss the petition. By order entered September 26, 2013 (docket # 1012), the presiding district judge referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, the undersigned finds that Ms. Kellam's claims fail on their merits.

Therefore, the undersigned **RECOMMENDS** the government's motion to dismiss be **GRANTED,** the defendant's § 2255 motion be **DISMISSED with prejudice**, the court **DECLINE** to issue a certificate of appealability, and this matter **STRICKEN from the active docket to the court**.

   I.    **Statement of the Underlying Criminal Case**

On September 6, 2006 a federal grand jury in this court returned a multi-defendant, multi-count indictment (docket #3). In Count One Ms. Kellam and eleven others were charged with participation in a conspiracy that began no later than January 2002 and continued until September 2006 to distribute fifty (50) grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846. In Count Eight she was charged, as a principal and as an aider and abettor, with participation in the distribution of approximately 57.8 grams of crack on August 2, 2005 in violation of 21 U.S.C. § 841(b)(1)(A); in Count Seventeen she was charged with the knowing possession with intent to distribute approximately 1.85 grams of crack on April 4, 2006 in violation of 21 U.S.C. § 841(b)(1)(C), and in Count Eighteen she was charged with the knowing possession with intent to distribute approximately 12.1 grams of crack on May 31, 2006 in violation of 21 U.S.C. § 841(b)(1)(B).

On September 12, 2006 Ms. Kellam qualified for court-appointed counsel (docket #35); Michael Hemenway, a CJA panel attorney, was appointed to represent her (docket #50), and she entered Not Guilty pleas to all charges against her (docket #34).

On March 8, 2007 the government filed an Information pursuant to 21 U.S.C. § 851 giving notice the petitioner was subject to enhanced punishment by virtue of one or more, therein specifically identified, prior qualifying drug-related offenses (docket #291).

Following a multi-day trial (docket #335-343), on March 29, 2007 the petitioner, Charceil Davis Kellam, was convicted by a jury of all felony counts alleged against her in the Indictment (docket #343, 345). After considering and subsequently denying the defendant's several post-trial motions (docket #365-366, 403-404, 419, 436-438, 445-447), Ms. Kellam submitted a *pro se* letter to the presiding district judge in which she expressed her dissatisfaction

with defense counsel's efforts on her behalf and sought the appointment of substitute counsel (docket #467). This motion was denied (docket #468-469).

After receipt of the information necessary to establish the defendant's prior qualifying drug-related convictions, after consideration of the defendant's objections to their validity and applicability and after making the requisite findings on the presentence investigation report (docket #473, 480, 483), the court imposed a sentence of life (statutory) on Counts One and Eight and 360 months on Counts Seventeen and Eighteen, with all sentences to run concurrently (docket #481)

In her appeal Ms. Kellam contended that the district court erred in five ways — in dismissing the co-defendant from Count Eight, in denying her motion to suppress, in refusing to dismiss the indictments against her for lack of a speedy trial, in declining to enter judgments of acquittal and in imposing a statutory enhancement that resulted in the imposition of two concurrent terms of life imprisonment. *United States v. Kellam*, 568 F.3d 125, 129 (4th Cir. 2009) (docket #665).

In its written opinion dated June 3, 2009, the first four of these arguments were rejected by the Fourth Circuit. Her conviction was affirmed, but on her final contention the court concluded the prosecution had failed to prove beyond a reasonable doubt that Ms. Kellam was the person who committed the qualifying offenses necessary for sentence enhancement under 21 U.S.C. § 841(b)(1)(A). Therefore, the trial court's sentence was vacated and the case was remanded for further proceedings (docket #665, 667). On remand, the government established beyond a reasonable doubt that Kellam had prior qualifying convictions "to support her life sentences," and she was resentenced to life in prison on Counts One and Eight. Following a

3

second direct appeal (docket #753), these sentences were affirmed. *United States v. Kellam*, 403 Fed. App'x 815, 817-818 (4th Cir. 2010).

As a part of the second sentencing hearing, using the "amend[ed] crack guidelines, w[ith] 851 enhancements," the presiding district judge resentenced Ms. Kellam on Counts Seventeen and Eighteen to 235 months with all sentences to run concurrently (docket #749-751). In its subsequent unpublished opinion, the Fourth Circuit, affirmed Ms. Kellam's two life sentences, vacated the revised sentences imposed in Counts Seventeen and Eighteen, and remanded the case with instructions to reinstate the original 360-month sentences (docket #796-797). In accordance with these instructions, an amended judgment was thereafter issued on December 9, 2010 (docket #799).

Appearing *pro se*, Ms. Kellam then filed a motion for a sentence reduction based on the Fair Sentencing Act of 2010 ("FSA"), 124 Stat. 2372, which changed the statutory minimum sentences for crack offenses, and the attendant Sentencing Guidelines amendments (docket #895). In its denial of Ms. Kellam's motion, the district court found that both the FSA and the related guideline range amendments had no effect on her sentence because she was subject to a statutorily mandated term of life imprisonment and because the FSA did not apply retroactively (docket #909). Her subsequent petition to the Supreme Court for a writ of certiorari was also unsuccessful (*see* docket #957, p 5).

## II. Statement of the Section 2255 Case

On April 2, 2012 Charcel Kellam ("Ms. Kellam" or "petitioner") timely-filed (conditionally) her motion under 28 U.S.C. § 2255 to vacate, set aside or correct her sentence (docket #920). Two days later the court directed Ms. Kellam to submit her supporting memorandum on or before May 7, 2012 (docket #922). To assist her with this effort, the clerk

4

was directed to forward the two government-provided DVDs containing discovery materials to Ms. Kellam, and the appropriate federal prison officials were requested make the necessary arrangements for her to review the DVDs as soon as possible (docket #924).

In connection with Ms. Kellam's requests for an extension of time (docket #930, 951, 953), permission to share the DVDs with those assisting her (docket #930) and submission of the appropriate declarations from those assisting her (docket #941-1, 948, 949), the court entered orders granting the requested extensions of time to and including September 21, 2012 (docket #944, 952, 956).

Ms. Kellam's memorandum dated September 20, 2012 was received and filed four days later (docket #957). Therein, she argues her entitlement to § 2255 relief on the basis of her court-appointed attorney's failure to pursue plea negotiation or communicate a plea offer, his express refusal to allow her to testify at trial, his ineffective assistance at sentencing and the prosecutors' misconduct and vindictiveness (docket #957, pp 17-27).

In its subsequently filed response the government argues Ms. Kellam's § 2255 petition should be dismissed because she has failed to demonstrate that her court-appointed attorney committed unprofessional errors at any stage of the underlying criminal proceeding or that she was prejudiced as a result of such errors (docket #976). *See Strickland v. Washington*, 466 U.S. 668, 688-90, 694 (1984).

Upon his review of the parties' submissions, the presiding district judge concluded in his memorandum opinion that the majority of Ms. Kellam's claims could be resolved on the then-existing record, but "additional factual development [was] warranted" with respect to her claim[s] that her attorney had "fail[ed] to pursue plea negotiations or communicate a plea offer" and "refused to allow her to testify in her own defense" (docket #1010, p 2).

Citing relevant case law authority, the presiding district judge then expressly took note of the fact that a failure to pursue plea negotiations, a failure to communicate a plea offer and the preventing of a defendant from exercising her right to testify can each constitute the ineffective assistance of counsel (*Id.*, p 3). *See United States v. Pender*, 514 F. App'x 359, 360-361 (4th Cir. 2013) (failure to seek a plea bargain); *United States v. Mitchell*, 484 F. App'x 744, 745 (4th Cir. 2012) (failure to communicate a plea offer); *United States v. Squillacote*, 183 F. App'x 393, 394 (4th Cir. 2006) (preventing the defendant from exercising her right to testify). After further noting that Ms. Kellam "bears a heavy burden in proving these [ineffective assistance] claims," the district judge concluded her claims were colorable under the Sixth Amendment and required an evidentiary hearing (*Id.*).

### III. Applicable Law

A section 2255 motion "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). It does, however, provides a means for one convicted of a federal offense to attack collaterally conviction or sentence that, *inter alia*, "was imposed in violation of the Constitution or laws of the United States."[1] *See Davis v. United States*, 417 U.S. 333, 345-346 (1974).

Since the issues presented by the petitioner deal with whether she was provided with constitutionally deficient legal assistance, the familiar two prong test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable, and a failure to meet either prong will defeat the petitioner's ineffective assistance of counsel claim. *Id.* at 700.

---

[1] In relevant part Section 2255 provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence."

6

In order to show that she has been deprived of her Sixth Amendment right to effective counsel, the petitioner must show two things. First, she must show that her "counsel's performance was deficient.[2] This requires her to show that her attorney's errors "were so serious that he was not functioning as the 'counsel' guaranteed to her by the Sixth Amendment." *Id*. at 687. Second, she must show that the deficient performance prejudiced her defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable. In order to demonstrate prejudice, the defendant must show that but for her attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687.

In assessing a Sixth Amendment deficient performance of counsel claim, courts are highly deferential in the evaluation of counsel's performance, and they "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Therefore, to overcome this strong presumption, a § 2255 petitioner such as Ms. Kellam, must show that her attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Id*. at 687. Thus, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo v. Moore*, 562 U.S. ___, 131 S.Ct. 733, 740 (2011) (citing *Strickland*, 466 U.S. at 690).

Therefore, the second (or prejudice) prong requires a showing with "'reasonable probability' that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 703 (emphasis added), and the likelihood of a different

---

[2] "'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." *Griffin v. Warden, Maryland Corr. Adj. Ctr*., 970 F.2d 1355, 1357 (4th Cir. 1992).

7

outcome must be "substantial," not just "conceivable." *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 792 (2011).

Directly relevant to Ms. Kellam's allegations, the Sixth Amendment's right to the effective assistance of counsel for her defense during criminal proceedings includes: the pretrial investigation phase and motion process, *United States v. McGraw,* 2014 U.S. App. LEXIS 5945, *31-32 (5th Cir. Mar. 31, 2014); the plea-bargaining and plea offer process, *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399, 1405 (2012), *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013); the trial process, *Kimmelman v. Morrison*, 477 U.S. 365, 374-376 (1986); as well as the sentencing phase, *Lafler v. Cooper,* 566 U.S. ___, 132 S.Ct. 1376, 1385-1386 (2012).

**IV**     **Discussion**

    **A.**     *Failure to Pursue Plea Negotiations or Communicate Plea Offer*

Although Ms. Kellam has raised several discreet claims of ineffective assistance of counsel in her § 2255 motion, she argues most strenuously that her attorney Michael Hemenway rendered ineffective assistance by failing to engage in plea negotiations on her behalf and failing to convey a plea offer made by the government, which would have subjected her to a mandatory minimum sentence of twenty years instead of life. At the outset an obvious contradiction in the petitioner's positions merits mention. On the one hand, her argument says in effect that, if conveyed to her, she would have accepted the government's plea offer of a joint recommendation of one qualifying convictions under 21 U.S.C. § 851 resulting in a mandatory minimum of twenty years, not life. On the other hand, her trial attorney's file notes record his discussion of a plea offer with the petitioner on two occasions. Following his discussion of a plea offer with the prosecuting attorney on December 20, 2006 (Exhibit 2A), his notes record his outline of its terms to her the following day and her rejection of it (Exhibit 2B), Similarly, they

8

show his receipt of the full written plea offer by facsimile on December 26 (Exhibit A), and her categorical rejection of it two-days later when he talked to her again and when she categorically rejected it, writing on its first page "NO DEAL ! 12-28-06" and signing her name to it. (Exhibit A, p.2.).

In addition to verifying Mr. Hemenway's pursuit of a plea offer on the petitioner's behalf and his actual receipt of a written a plea offer on the her behalf, [3] these exhibits comport with Mr. Hemenway's § 2255 hearing testimony and they document Ms. Kellam's express and unequivocal written rejections of the plea offer. Moreover, they demonstrate her firm resolve to go to trial, a resolve reiterated by her during the § 2255 hearing, when she acknowledged that she never asked Mr. Hemenway to seek a plea offer because, as she said, "at the time all I wanted to do was to go to trial."

Therefore, without any colorable contention to the contrary, the record and testimony establish the Assistant U.S. Attorney's extension of a plea offer to the petitioner, which would have avoided her receipt of a life sentence (Exhibit A). The record and testimony similarly memorialize her attorney's pursuit of a plea offer on the petitioner's behalf, his unsuccessful efforts to get her to consider it, and her categorical rejection of the offer. Consequently, this is not a case where counsel's deficient advice led to the rejection of a plea offer and the petitioner being prejudiced by having to stand trial. *See Lafler v. Cooper*, ___ U.S. ___. 132 S.Ct. 1376, 1384 (2012) (counsel's deficient advice to reject a plea offer led to the prejudice of having to stand trial and receive a more severe sentence than the one outlined in the plea offer). Likewise,

---

[3]  On 12/20/2006 the prosecuting attorney outlined the terms for a proposed plea agreement in Ms. Kellam's case; [t]he next day I went out to the … jail. I explained the plea offer; … [s]he was agitated, but listening…. "She said no deal, she wants a trial. " *** After the prosecuting attorney "faxed the proposed plea agreement [on] December 26th," and "on December 28th we met … Once again, I outlined the plea agreement to her. She basically pushed it away. She just did not want anything to do with the plea agreement. … I did ask her if she was rejecting this plea agreement that we had just gone over, that I needed her to let me know in writing. That's when she wrote no deal, exclamation point. She signed it and she dated it. (Michael Hemenway, § 2255 hearing testimony on 05/22/2014).

9

this is not a case where the petitioner has demonstrated a reasonable probability she would have accepted the plea offer had she been afforded effective assistance of counsel. *See Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1409 (2012). Instead, it is a claim of ineffective plea-related assistance that is totally refuted by virtue of the petitioner's emphatic rejection of the government's plea offer and her continuing insistence on going to trial despite all of the attendant risks, including her criminal history. See *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (although not dispositive, insistence on innocence "is a factor relevant to any conclusion as to whether [petitioner] has shown a reasonable probability that he would have pled guilty"); *Gallo-Vasquez v. United States*, 402 F.3d 793, 798-799 (7th Cir. 2005) (finding no prejudice where defendant rejected a plea offer and continued to assert his innocence). In short, Ms. Kellam's case was in no manner prejudiced by the plea-related actions of her counsel.

In passing it also merits mention that to the extent Ms. Kellam may be seeking to rely on the Supreme Court's holding in *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012) (*see also Missouri v. Frye*, ___ U.S. ___ , 132 S.Ct. 1399 (2012)), such reliance is misplaced. In L*afler* the court held that incorrect legal advice leading to a defendant's rejection of a plea offer amounts to ineffective assistance of counsel; however, the Supreme Court has not held that such a situation establishes a new right that is retroactively applicable to cases on collateral review. *See e.g*. *In re Arras*, U.S. App. LEXIS 26875 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive Section 2255 motion because neither *Lafler* nor *Frye* established a new rule of constitutional law). More significantly, the record in the instant case amply demonstrates the contrary. Mr. Hemenway gave no incorrect legal advice. To the contrary he in fact urged her to accept the government's plea deal.

### B. *Failure to call the petitioner to testify at trial*

10

As a second claim of constitutionally deficient assistance of counsel, the petitioner contends, both before and throughout the trial, her attorney was well-aware of her desire to testify, but contrary to her wishes he never called her to the witness stand. It is her belief that her testimony would have provided evidence supporting her theory of the case and would have countered the government's evidence. She further believes her testimony would have also provided exculpatory evidence potentially resulting in her acquittal.

In response, the government contends *arguendo* that even if she demonstrates she was, in fact, denied her right to testify, her evidence fails to meet the *Strickland* prejudice standard. In the government's view, Ms. Kellam "had a whole lot to lose" and that her testimony could make its case "a whole lot better."

Without question, an individual's constitutional right to testify on one's own behalf in a criminal proceeding finds its basis in the Fifth, Sixth and Fourteenth Amendments and is an "essential to due process of law in a fair adversary process." *Rock v. Arkansas*, 483 U.S. 44, 51-52 (987) (citing *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975)). It is, however, also well-settled that the advice provided by a criminal defense lawyer as to whether his client should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983)). Thus, the mere assertion, either under oath or otherwise, that "I'm entitled to a new trial, because my lawyer wouldn't let me testify" is insufficient. *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991), and there is no reciprocal duty on the part of counsel to obtain an on-the-record waiver of the right, *See United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991); *Sexton v. French*, 163 F.3d 874, 881-882 n.8 (4th Cir. 1998.

11

Given the petitioner's statement that she explicitly told her counsel she wanted to testify, for purposes of further consideration of this contention it is herein assumed *arguendo* that she has at least minimally alleged a cognizable claim for deprivation of her constitutional right to testify before the jury. Nevertheless, on review this claim of ineffective assistance of trial counsel is suspect and fails on multiple grounds.

It is uncontested, and fully consistent with the hearing evidence, that the petitioner had been informed and knew she had that right to testify if she so desired. [4] The evidence demonstrates that prior to trial she and her counsel discussed the pros and cons of her testifying. The evidence also demonstrates that during a recess on the third trial day the petitioner and her counsel discussed the status of the evidence against her, including the trial judge's observation that her role in the principal offenses had been marginal, if any. For appropriate tactical reasons the record also demonstrates the professional basis for her counsel recommendation against her testifying. [5] And it shows that she accepted his advice, thereby making a voluntary and knowing waiver. *See Sexton v. French*, 163 F.3d 874, 881 (4th Cir. 1998) ("every circuit that has addressed the issue has held that the right to testify is personal and must be waived by the defendant").

Moreover, irrespective of any credibility issue related to Ms. Kellam's assertion that her attorney denied her right to testify during trial, she has failed to demonstrate any resulting actual prejudice effect. *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir, 2007) (Under

---

[4] As Ms. Kellam's counsel outlined in his § 2255 testimony, "As a general premise … I like defendants to testify, … and we discussed her testifying and her testimony. This was all prior to trial. *** [D]uring a break [after the court denied the Rule 29 motion] I at that point advised her, she certainly had the right to testify as we discussed previously, but under the circumstances, strategically, … my advice was not to testify" given the trial court's acknowledgment of the marginal nature of the government's Count One (conspiracy) and Count Eight (aiding and abeting a 57 gram drug transaction) evidence against Ms. Kellam and "[my] concern[] because of her sort of unpredictable responses to questions and also … about her criminal history…. We discussed it, and she agreed."

[5] See preceding footnote.

12

*Strickland* in order to prove ineffective assistance of counsel based on his claim that his attorney prevented him from exercising his right to testify … [a § 2255 petitioner] must show both that his attorney violated his right to testify and that his testimony had a "reasonable probability" of changing the outcome).

At the evidentiary hearing the petitioner tendered the following testimony she planned to give, if she had been called to testify: (1) that she had a drug problem and was a drug addict, but she was not a drug dealer and at least two local police officers would confirm this statement; (2) that she had "never been affiliated" with any of the co-defendants; (3) that she knew her prior convictions would come-out, but the jury would also hear that the two Maryland convictions were "misdemeanors;" (4) that the government had misidentified the co-defendant named in Count Eight and "[she] didn't sell nothing to nobody;" and (5) that the money seized from her was her rent money, not drug money.

In contrast, as Mr. Hemenway outlined, her case was about reasonable doubt; the testimony she proposed to give would have significantly compromised that defense; it would have enhanced the government's case against her, and she would have been made to look foolish on cross-examination. Although Ms. Kellam has given it her best effort, she has not proved to the court that her testimony would establish prejudice such as to render her trial unfair and the verdict suspect. *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986 ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.") (citing *Strickland,* 466 U.S., at 686; *United States v. Cronic*, 466 U.S. 648, 655-657 (1984).

### C. No Substantial Showing of a Constitutional Denial

Based on a full review of the entire file, including the testimony heard and exhibits introduced at the § 2255 hearing, and for the reasons set forth above, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases it is recommended that the court decline to issue a certificate of appealability when it issues its final order adverse to the petitioner. *Inter alia*, the petitioner has failed to make the "substantial showing" of the denial of a constitutional right required for issuance of a certificate of appealability under 28 U.S.C. § 2253(c) and Rule 22(b)(1) of the Federal Rule of Appellate Procedure. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-338 (2003). To satisfy § 2253(c) a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000) (in order to satisfy § 2253(c) a petitioner must demonstrate that the petitioner states a debatable claim of the denial of a constitutional right and that any dispositive procedural ruling is also debatable). In the instant case, a constitutional claim "adequate to deserve encouragement to proceed further" has simply not been demonstrated by the petitioner. *Id*. at 484

**IV. Findings of Fact**

1. The petitioner's counsel timely pursued plea negotiations of her behalf, and his relevant performance was not deficient;

2. The government's informal plea offer was conveyed to the petitioner's counsel on 12/20/2007; in a timely manner its terms were communicated to, and discussed with, the petitioner by her court-appointed counsel, and his relevant performance was not deficient;

3. The government's formal written plea offer was conveyed to the petitioner's counsel on 12/26/2007; in a timely manner its terms were communicated to the petitioner by her court-appointed counsel; this plea offer was categorically rejected by the petitioner, and her attorney's performance was not deficient;

14

4. Ms. Kellam failed to establish that she received constitutionally ineffective assistance of counsel in connection of her pursuit of a plea offer or in connection with his communication of this favorable plea offer with her;

5. Ms. Kellam suffered no resulting prejudice from her counsel's plea negotiations on her behalf or in connection with his communication of the government's favorable plea offer;

6. The advice provided by petitioner's attorney as to whether she should testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance, *see Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002);

7. Assuming *arguendo* deficient performance by counsel in connection with his failure to call Ms. Kellam as a witness, she has failed to demonstrate that such performance prejudiced the her defense at trial;

8. The petitioner's representation by her court-appointed counsel met the *Strickland* standard of objective reasonableness;

9. The petitioner's constitutional claims should be rejected on the merits, and a reasonable jurist would find this assessment neither debatable nor wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000);

10. The petitioner's § 2255 Motion has no merit;

11. The petitioner has failed to show that her attorney's performance fell below an objective standard of reasonableness in light of the prevailing professional norms;

12. The petitioner has failed to show there is a reasonable probability that but for her attorney's unprofessional errors, the result of her trial and sentencing proceeding would have been different.

13. The petitioner has not made a substantial showing of the denial of a constitutional right in order to satisfy 28 U.S.C. § 2253(c);

14. The petitioner has failed to carry her burden of proof that her counsel was ineffective in any manner which caused her prejudice; and

15. It is recommended that the petition be dismissed.

V. **Directions to Clerk**

15

Case 5:06-cr-00041-GEC-JGW Document 1104 Filed 08/22/14 Page 15 of 16 Pageid#: 6123

The clerk is directed to transmit the record in this case immediately to the presiding district judge and to transmit a copy of this Report and Recommendation to the *pro se* petitioner and all counsel of record.

### VI. Notice to the Parties

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

**DATED:** This 22nd day of August 2014.

/s/ *James G. Welsh*
United States Magistrate Judge