IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:06-cr-00041-7 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CHARCEIL DENISE KELLAM[1] ) | United States District Judge |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Charceil Denise Kellam, proceeding *pro se*, filed a motion for compassionate release on September 18, 2023. (Dkt. No. 1244.) In it, she requested that the court construe her motion as seeking compassionate release relief and/or relief under Amendments 782 and 821 to the U.S. Sentencing Guidelines. She has since submitted additional information in support of her motion. (Dkt. No. 1248.)

Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to represent Kellam as to her initial motion. Counsel filed a notice stating that she would not be filing anything additional in support of her original motion. (Dkt. No. 1254.)

With regard to Kellam's request for relief pursuant to Amendment 821, the U.S. Probation Office filed a sealed addendum to her Presentence Investigation Report (PSR), concluding that she was not entitled to relief under Amendment 821. (Dkt. No. 1250.) Defense counsel filed a response stating that Davis did not dispute "the findings" in the addendum. (Dkt. No. 1258.) For its part, the United States filed a combined response to both her motion and to the request for relief pursuant to Amendment 821 opposing all relief. (Dkt. No. 1259.)

---

[1] The defendant was initially indicted as Charceil Denise Davis, and many of the recent filings utilize that name. Before judgment was entered against her, however, her name was officially corrected to Kellam, and that is the name on her judgment and the name the Bureau of Prisons uses for her. Thus, although the parties in these post-conviction proceedings have used the name Davis, the court uses the corrected name of Kellam.

By separate order entered this same day, the court has denied any relief pursuant to Amendment 821, finding that Kellam is ineligible for relief under that Amendment. Most importantly, because she is serving a term of imprisonment imposed upon a revocation of supervised release, the court does not have authority to reduce her term of imprisonment based on a guideline amendment. U.S.S.G. § 1B1.10 appl. note 8(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.").

For this same reason, Kellam is not entitled to any relief based on Amendment 782. Thus, her request for relief pursuant to that guideline amendment will likewise be denied. That leaves only her motion for compassionate release, which the court will deny for the reasons discussed herein.

## I. BACKGROUND

In March 2007, Kellam was convicted by a jury of a number of drug offenses, all of which were subject to the enhanced penalties under 21 U.S.C. § 851. On several of the counts, her guideline range was life imprisonment, and the court sentenced her to life in prison, to be followed by a ten-year term of supervised release. In 2016, Kellam received an executive grant of clemency from President Obama, which reduced her term of imprisonment to 160 months, but left intact her term of supervised release. Kellam was released from custody in April 2018.

In June 2023, the court found that Kellam had violated the terms of her supervision in several respects, and the court revoked her supervised release term and imposed an eighteen-month sentence in BOP custody, with no term of supervised release thereafter. (Dkt. No. 1243.) Three months later, Kellam filed her motion for compassionate release.

II.  ANALYSIS

**A.  Compassionate Release Under the First Step Act**

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence under certain circumstances.  As amended by the First Step Act and in pertinent part,[2] the statute provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  If a court finds extraordinary and compelling reasons for release, it must then consider the 18 U.S.C. § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's sentence.  *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement[] issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  At the time Kellam filed her motion, the Commission had not yet issued "a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)."  *United States v.*

---

[2]  Prior to the First Step Act of 2018, only the Bureau of Prisons could seek relief in court under the statute. The First Step Act changed the statute to allow a federal inmate to file a motion for compassionate release directly with the court after exhausting her administrative remedies.

3

*Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Courts could nonetheless look to the commentary in U.S. Sentencing Guidelines (U.S.S.G. or guidelines) § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7. On November 1, 2023, amendments to the guidelines effectively moved a modified version of that commentary into the guideline itself. Kellam's motion is governed by the amended guidelines, including U.S.S.G. § 1B1.13.[3]

Kellam's motion under § 3582(c)(1)(A) thus requires the court to consider (1) if she exhausted her administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in her sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

As the movant, "[a] defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020); *see also United States v. Hargrove,* 30 F.4th 189, 195 (4th Cir. 2022) (noting that the inmate provided information "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release"); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019); *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56–57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Additionally, compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

**B. Extraordinary and Compelling Reasons**

---

[3] If the court were to reduce Kellam's sentence, it would be required to use the version of the policy statement in effect on that date. U.S.S.G. § 1B1.10, appl. note 9. The court thus analyzes her motion under the amended guidelines.

Because the government states that it "does not contest exhaustion," (Resp. at 5 n.3, Dkt. No. 1259), the court will treat the exhaustion requirement as satisfied. *Cf. United States v. Muhammad*, 16 F. 4th 126, 129–30 (4th Cir. 2021) (noting that the exhaustion requirement is non-jurisdictional). Instead, the court focuses on whether Kellam has shown "extraordinary and compelling" circumstances so as to render her eligible for a sentence reduction.

Kellam points to four grounds for compassionate release: (1) poor conditions and lack of programming at her place of incarceration; (2) her health conditions; (3) her mother and fiancé's health; and (4) improper calculations in her presentence report (PSR). The court addresses each in turn.

1. **Poor conditions at the jail**

Kellam complains that her current place of incarceration is "overpopulated, underbudget, [and] low staffed," there are "no classes or jobs available," and illegal drug use is widespread. (Mot. 1, Dkt. No. 1244.) She does not provide additional detail.

These are all complaints about the conditions of her confinement, which generally should not be challenged through a motion for a reduction in sentence. *See United States v. Lumpkin*, Case No. 2:12cr192, 2020 WL 7123109, at *2 n.3 (E.D. Va. Dec. 4, 2020) (noting that challenges to conditions of confinement cannot be pursued through a compassionate release motion). Even if they were a proper grounds, however, the court concludes that her complaints do not rise to the level of an "extraordinary and compelling" reason for release. Thus, they do not entitle her to relief.

2. **Kellam's health conditions**

As noted, the United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. *See* U.S.

5

Sentencing Guidelines ("U.S.S.G." or "guidelines"), §1B1.13 (Nov. 2023).

A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when she can demonstrate the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)–(C).

Kellam points to a number of medical conditions that lead her to conclude that she could be "more productive at home physically." (Mot. 1.) She notes, for example, that she is almost sixty years old, has degenerative joint disease in her hip, has high blood pressure, uses an inhaler, and has a torn meniscus that she believes will require a partial or full knee replacement. (*Id.* at 2.) She also states that she has shoulder and back pain, for which she received shots prior to her incarceration. (*Id.*) She is not able to receive those shots while in BOP custody, per BOP policy. In her supplemental filing, she again makes a reference to the "pain and suffering" she is

enduring from the "continuous walking and no medication." (Supp. Mot. 1, Dkt. No. 1248.)

The court has considered the information Kellam has presented. The court first notes that none of her conditions could be described as a "terminal illness," so subsection (A) is inapplicable. And based on the record before the court, Kellam has not alleged or shown that any of her ailments rise to the level of "a serious physical or medical condition" or cause "a serious functional or cognitive impairment," as contemplated by subsection (B). *See United States v. Pigford*, No. CR20-414, 2023 WL 2285825, at *3–4 (E.D. Pa. Feb. 28, 2023) (denying motion for compassionate release by inmate who had bilateral knee pain, said the medicine he was given did not help, and insisted he needed to see a specialist); *United States v. Weidenhamer*, No. CR-16-01072-001, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."). Kellam may be able to make that showing at some point, but she has not here.

As for subsection (C), Kellam refers to her knee pain, shoulder, and back pain, and she alleges that she has not received a knee surgery nor sufficient pain management. She also states that she believes she would be able to obtain better medical care outside of the prison environment. But a mere disagreement with the medical care being provided is not a basis for compassionate release. *Pigford*, 2023 WL 2285825, at *4.

Moreover, Kellam had only been in custody for about three months at the time she filed her motion, and none of her conditions appear to be emergencies that would require immediate care or immediate surgery. Thus, it seems premature to say that she is not receiving adequate care for these conditions. Additionally, the short amount of time she will be in custody—with a current projected release date of September 1, 2024, undermines any argument that any lack of treatment puts her at a risk of "serious deterioration in health of death," as required by subsection

(C).

Because she has not shown extraordinary or compelling circumstances based on her health conditions, Kellam's request for a reduction on that basis will be denied.

### 3. The health conditions of Kellam's mother and fiancé

The Guidelines also recognize a limited number of family circumstances that may constitute extraordinary and compelling circumstances warranting a reduction in sentence. Specifically, U.S.S.G. § 1B1.13 identifies the following four circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "*immediate family member*" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D).

Kellam's motion states that her 82-year-old mother has "medical issues." She does not indicate that her mother is incapacitated nor does she state that she is her mother's only available caregiver. Thus, she has not satisfied the requirements of the policy statement. Similarly, the only information she provides about her fiancé is that he is having a kidney transplant. She does not allege or show that he will be incapacitated as a result or that Kellam is the only person who

8

can care for him.  Thus, she has not set forth extraordinary and compelling circumstances based on her family circumstance, either.

4.  **Alleged errors in Kellam's PSR**

As the United States correctly notes, Kellam's assertion that there were errors in her PSR that affected her original sentence is not properly brought in a motion for compassionate release. Instead, a challenge to her sentence should have been brought on direct appeal or in a timely motion for relief pursuant to 28 U.S.C. § 2255.  *United States v. Ferguson*, 55 F. 4th 262, 270 (4th Cir. 2022) (stating that "28 U.S.C. § 2255 is the "exclusive remedy" for challenging a sentence after the conclusion of the appeal period and "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements"); *United States v. Turner*, __ F. Supp. 3d __, 2023 WL 8609976, at *3 (E.D. Va. Dec. 12, 2023) (explaining that compassionate release motions cannot be used to challenge aspects of a defendant's sentence or it would transform such motions "into 28 U.S.C. § 2255 motions without the corresponding time limitations").  Thus, these alleged errors are not a basis for compassionate release, either.[4]

Similarly, to the extent that her supplemental filing suggests that she was not given proper credit to her sentence or that her sentence was improperly calculated, that is an issue that must be raised in a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, after first fully exhausting his administrative remedies with the Bureau of Prisons.  *United States v. Snead*, 664 F. App'x 270, 271 (4th Cir. 2016) ("[A] federal prisoner must challenge the calculation of his sentence via the appropriate administrative channels, and if necessary, in a habeas petition under 28 U.S.C. § 2241.") (citing *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989)

---

[4] Because the court concludes that Kellam has not shown extraordinary or compelling circumstances rendering her eligible for relief, the court need not address the sentencing factors in 18 U.S.C. § 3553(a).

(per curiam)).  Additionally, any § 2241 petition must be brought in the district in which the petitioner is incarcerated.  *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) (explaining that a § 2241 petition seeking sentencing credit must be brought in the district where the petitioner is confined).  Kellam is currently incarcerated at Alderson FPC, in Alderson, West Virginia, which is within the Southern District of West Virginia.  If she elects to file a § 2241 petition to raise any issue regarding the computation of her sentence and remains incarcerated there, she should file it in that court.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Kellam's motion for compassionate release and for a sentence reduction under Amendment 782 (Dkt. No. 1244) is DENIED.  The clerk is directed to provide a copy of this order to Kellam, all counsel of record, and the United States Probation Office.

Entered: February 7, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

10